Matthews, J.
delivered the opinion of the court. This is an action brought by Harvey, to recover the price or value of a quantity of merchandize, described in the petition, which he *548 al!edSes were placed by him in the possession of' Fitzgerald, to be sold on commission for and on account of the plaintiff. He charges the defendant with an intention of defrauding him, by detaining the proceeds of the merchandize to his own use.
The answer contains a general denial of all the allegations in the petition, and on this issue alone, the case was tried by a jury in the court below, where a general verdict was found for the plaintiff, and judgment having been given therein, the defendant appealed.
In the course of the trial, in the court a quo, it appeared by the testimony of some witnesses, that the plaintiff had acknowledged that the goods, to recover the value of which this suit is brought, were smuggled, and that it was a smuggling transaction between him and the defendant.
On this evidence, it is insisted by the counsel of the defendant and appellant, that should this court be of opinion that such a contract, as stated in the petition, really existed between the parties, it must be considered as illegal and void, on account of having for its foundation a transaction in fraud of the revenue laws of the United States—that is one, in which courts of justice ought not to interfere to relieve either party, ac, cording to the maxim, ex turpi causa non oritur actio.
*549 The principal evidence., in support of the plaintiff’s claim, consists of letters from the defendant, and a feigned account of sale of the goods, made by him to Wellman and Phillips. Witnesses were also introduced to shew the intimacy, which subsisted between the parties, about the time at which the property may be supposed to have been delivered to the defendant. From the whole testimony, as it comes up with the record, we see no reason to differ from the jury, in relation to the important facts of the case.
Contracts, which are founded on smuggling transactions, wherein both parties have been concerned, are clearly such as will not be enforced by courts of justice, and whenever facts are established according to sound rules of pleading and evidence, shewing their illegality and turpitude, actions to carry them into effect ought not to be sustained.
Since this cause was argued on its merits, a new discussion has taken place, at the request of the court, on the question whether the defendants can take advantage of the illegality of the contract, without having alledged it in his answer. Our laws, on the subject of the practice of courts in civil cases, contain provisions tending as much as possible to simplify it and relieve ys from all unnecessary technical rules, relating *550 to sPec*a^ Pleadings. But parties, in a suit are bound on the one side, plainly and substantially to set forth the cause of action, and on the other, the means of defence-^-a denial of the facts stated in the petition, or a statement of other facts in avoidance of those. It is necessary to a fair administration of justice that such certainty should prevail in pleading, as to put each party on his guard. The rule of law, which requires that judgments should be rendered super allega-ta et probata, is founded on common sense and principles of justice. The illegality of a contract, arising from transactions in fraudem l-'g s, may be taken advantage of by a plea in bar, a peremptory exception of the civil law, and should be regularly pleaded as that of doli mail or rei judicata;. Such pleas, of necessity, carry with them a suggestion of facts, in avoidance of those stated by the plaintiff and often require testimonial proof of their truth, which the opposite party may rebut. In an action grounded on an engagement, entered into with a view to contravene the general policy of the laws, if the plaintiff, by the evidence in support of his claim, should also shew the turpitude and illegality of the transaction, perhaps it would be the duty of the court, before whom the suit was instituted, immediately to dismiss it. But the present case, from any thing that appears on the record, is not *551 thus circumstanced. It does not appear with * *■ t certainty by which of the parties, the witnesses were introduced, who testified to the confession of the plaintiff that the transaction was a smuggling one. - From the manner in which the testimony is arranged on the recofd, this confession, seems, in the first instance, to have been drawn from one of the plaintiff’s witnesses, by cross-examination, on the part of the defendant, and in the second, to have been proven by a witness of the latter.
It is true, that the maxim, Nemo allegans. suam turpitudinem est audiendus, appears to be opposed to any system of pleading, which would compel a defendant to alledge his own turpitude. Whether this rule be applicable only to plaintiffs, who call on courts of justice to enforce their base and illegal agreements, and ought not to be invoked against a defendant, is a question, which in the present case there is no necessity of determining. The civil law puts the exception of general illegality on the same footing with those of doli mail, or rei judicata, &⅜ ff. 44, 1, 3. No principle of jurisprudence exists to prevent a defendant from alltdging the turpitude of the plaintiff, and such allegation would answer all reasonable purpose s of the strictest rule of pleading, by putting the adversary on his guard : although it should afterwards appear that they were both equally base or immoral.
*552 From tliis view of the case, the judgment of the parish court might be affirmed, without any reasoning, were it not that there are cross appeals. The plaintiff contends that the damages, assessed by the jury, are too small- As the contest between the parties is involved in some doubt and mystery, and as the verdict is not contrary to evidence, and the probable justice of the case*
It is ordered, adjudged and decreed, that the judgment be affirmed, and that each party pay bis own costs in this court.